FILED
JUL 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  :
     :
v.   :   Crim. Action No. 03-0554 (JR)
     :
ANAYIBE ROJAS VALDERRAMA,   :
JOSE ANTONIO CELIS,   :
JUAN DIEGO GIRALDO,   :
     :
     Defendants.   :
     :

## MEMORANDUM

The transcript of the sentencing proceeding on July 2, 2007 may not contain all of the findings and reasons underlying the sentences pronounced in this case. The following memorandum is intended to complete the record.

<u>Anayibe Rojas Valderrama</u>. I find by a preponderance of the evidence that the defendant conspired to import or to manufacture and distribute more than 150 kilograms of cocaine (38), under circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used (+ 2) and that she was a manager/supervisor (+ 3). Her total offense level is 43. Her criminal history category is I. The applicable Guidelines sentence is life, but a life sentence is expressly forbidden by the terms of her extradition.

<u>Juan Diego Giraldo</u>. I find by a preponderance of the evidence that the defendant conspired to import or to manufacture and distribute more than 150 kilograms of cocaine (38), under

circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used (+ 2). His total offense level is 40. His criminal history category is I. The Guidelines range is 292-365 months.

<u>Jose Antonio Celis</u>. I find by a preponderance of the evidence that the defendant conspired to import or to manufacture and distribute more than 150 kilograms of cocaine. His total offense level is 38. His criminal history category is I. The applicable Guidelines range is 235-293 months.

All three defendants are entitled to <u>Smith</u> departures as deportable aliens. All are entitled to credit for time served in American custody.

I have considered the applicable Guidelines ranges, the nature and circumstances of the offenses, and the history and characteristics of each defendant, 18 U.S.C. § 3553(a)(1). I find in all three cases that the Guidelines sentences are greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

The applicable statutory purposes are: to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant(s).

The defendants are all citizens of Colombia. All will be deported when they complete their prison terms which range from 14 years 7 months to 16 years 8 months. The concept of protecting the public from their further crimes is too attenuated, both in time and distance, to be a realistic factor in their sentences.

The deterrence factor is not quantifiable. These defendants were portrayed by the prosecution as three of hundreds, if not thousands, of participants in a massive and well-established cocaine industry. The government's exhortation that the sentences should "send a message" was unaccompanied by any showing that sentences of from 14 to 16 years are measurably less deterrent than sentences which -- whether or not so denominated -- amount to life sentences.

Insofar as the seriousness of the offenses is concerned, it is noteworthy that the sentences pronounced on defendants Giraldo and Celis are approximately twice as long as the sentences they received from Colombian courts -- sentences that will be served <u>consecutively</u> to their American sentences. The "message" should be that, while Colombia takes the enforcement of its own drug laws seriously, the United States takes it twice as seriously.

Respect for the law and just punishment are two sides of the same coin. That is, punishment that is just promotes

respect for the law. The punishment that these defendants face in American prisons will be significantly more harsh, qualitatively, than the punishment experienced by Americans. Some or all of the defendants may be designated to maximum or high-security prisons, because of the nature of the crime or because of their relationships or connections with the FARC. All will be held thousands of miles from their homes and families, in places that will be inaccessible to family visitors. The sentences pronounced, from 14 to 16 years, are in my view severe, but also humane. That, I think, is the proper "message."

 

_____
JAMES ROBERTSON
United States District Judge